## SOUTHERN CONNECTICUT GAS COMPANY *v.* CITY OF BRIDGEPORT

## SOUTHERN CONNECTICUT GAS COMPANY *v.* CITY OF BRIDGEPORT ET AL. (15464)

Borden, Berdon, Katz, Palmer and McDonald, Js.

---

470

Argued December 12, 1996—officially released April 22, 1997

*Bourke G. Spellacy,* with whom were *Mark T. Anastasi* and, on the brief, *James M. Connor, Ian J. Platt* and *Robert G. Zanesky,* for the appellant (defendant city of Bridgeport).

*Christopher P. McCormack,* with whom were *Janet L. Janczewski* and, on the brief, *Richard Tiano* and *William R. Murphy,* for the appellee (plaintiff).

*Janet C. Spegele, Cynthia L. Amara* and *Stephen Ostrach* filed a brief for the Connecticut Business and Industry Association as amicus curiae.

*Mary-Michelle U. Hirschoff* filed a brief for the Connecticut Conference of Municipalities as amicus curiae.

*Richard Blumenthal,* attorney general, and *Carolyn Querijero* and *Gregory T. D'Auria,* assistant attorneys general, filed a brief for the office of policy and management as amicus curiae.

*Opinion*

BORDEN, J. This appeal is a companion to the appeal in *United Illuminating Co.* v. *New Haven,* 240 Conn. 422, 692 A.2d 742 (1997), which we have decided today. As in that case, the dispositive issue in this case is the scope of a municipal tax assessor's power to revalue personal property pursuant to General Statutes (Rev. to 1995) § 12-53 (b) and (c).

The defendant city of Bridgeport appeals[1] from the summary judgment of the trial court in favor of the plaintiff, Southern Connecticut Gas Company, in the plaintiff's tax appeal filed pursuant to General Statutes (Rev. to 1995) § 12-117a.[2] In the trial court, the plaintiff

---

[1] The defendant appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c). A second appeal by the defendant and certain municipal officials from Bridgeport, taken in a related case that had been consolidated with this case in the trial court, was dismissed by the Appellate Court for lack of a final judgment. The defendant does not challenge that dismissal in this appeal.

[2] General Statutes (Rev. to 1995) § 12-117a provides: "Appeals from decisions of boards of tax review concerning assessment lists for assessment years commencing October 1, 1989, to October 1, 1992. Notwithstanding the provisions of sections 12-118, 12-121aa and 12-121bb, any person, including any lessee of real property whose lease has been recorded as provided in section 47-19 and who is bound under the terms of his lease to pay real property taxes, claiming to be aggrieved by the action of the board of tax review in any town or city with respect to the assessment list for the assessment year commencing October 1, 1989, October 1, 1990, October 1, 1991, October 1, 1992, October 1, 1993, or October 1, 1994, may, within two months from the time of such action, make application, in the nature of an appeal therefrom, to the superior court for the judicial district in which such town or city is situated, which shall be accompanied by a citation to such town or city to appear before said court. Such citation shall be signed

challenged the reassessment, in October, 1992, and in May, 1993, performed by the Bridgeport tax assessor with regard to the plaintiff's personal property listed on the grand lists of October 1, 1989, October 1, 1990, and October 1, 1991.

The relevant facts are undisputed. For the grand lists of October 1, 1989, October 1, 1990, and October 1, 1991, the assessor assessed the plaintiff's personal property at the values stated by the plaintiff in its lists submitted

by the same authority and such appeal shall be returnable at the same time and served and returned in the same manner as is required in case of a summons in a civil action. The authority issuing the citation shall take from the applicant a bond or recognizance to such town or city, with surety, to prosecute the application to effect and to comply with and conform to the orders and decrees of the court in the premises. Any such application shall be a preferred case, to be heard, unless good cause appears to the contrary, at the first session, by the court or by a committee appointed by the court, and the pendency of such application shall not suspend an action by such town or city to collect not more than seventy-five per cent of the tax so assessed or not more than ninety per cent of such tax with respect to any real property for which the assessed value is five hundred thousand dollars or more, and upon which such appeal is taken. If, during the pendency of such appeal, a new assessment year begins, the applicant may amend his application as to any matter therein, including an appeal for such new year, which is affected by the inception of such new year and such applicant need not appear before the board of tax review to make such amendment effective. The court shall have power to grant such relief as to justice and equity appertains, upon such terms and in such manner and form as appear equitable, and, if the application appears to have been made without probable cause, may tax double or triple costs, as the case appears to demand; and, upon all such applications, costs may be taxed at the discretion of the court. If the assessment made by the board of tax review is reduced by said court, the applicant shall be reimbursed by the town or city for any overpayment of taxes, together with interest and costs, or, at the applicant's option, shall be granted a tax credit for such overpayment, interest and costs. Upon motion, said court shall, in event of such overpayment, enter judgment in favor of such applicant and against such city or town for the whole amount of such overpayment, together with interest and costs. The amount to which the assessment is so reduced shall be the assessed value of such property on the grand lists for succeeding years until the tax assessor finds that the value of the applicant's property has increased or decreased."

Although § 12-117a has been amended by Nos. 95-220 and 95-283 of the 1995 Public Acts, and by Nos. 96-1 and 96-261 of the 1996 Public Acts, the amendments are not relevant to this appeal.

to the assessor. The assessor did so without claiming either that the plaintiff's lists contained insufficient information to permit the assessor to value the property, or that any property had been omitted from the lists. In fact, the plaintiff had not omitted any property from its lists, and the assessor had not omitted any of the plaintiff's property from the grand lists. The plaintiff paid all bills for the taxes on those three grand lists.

Thereafter, in October, 1992, the assessor reassessed the value of the plaintiff's personal property included on the grand lists of October 1, 1989, October 1, 1990, and October 1, 1991. After the Bridgeport tax collector sent the plaintiff tax bills for additional taxes due based on those reassessments, the plaintiff appealed to the Bridgeport board of tax review pursuant to General Statutes (Rev. to 1995) § 12-111,[3] which denied relief in

[3] General Statutes (Rev. to 1995) § 12-111 provides: "Appeals to board of tax review. At such meeting any person, including any lessee of real property whose lease has been recorded as provided in section 47-19 and who is bound under the terms of his lease to pay real property taxes and any person to whom title to such property has been transferred since the assessment date, claiming to be aggrieved by the doings of the assessors of such town may appeal therefrom to such board of tax review, which shall determine all such appeals and report in writing the final determination of such appeals to each such person within one week after such determination has been made. Such board may equalize and adjust the valuations and assessment lists of such town and may increase the items of taxable property in the list of any person, or the number, quantity or amount of any such item, or add to any such list any taxable property or interest therein omitted by the assessors which should be added thereto; and may add to the assessment list the name of any person omitted by the assessors and owning taxable property in such town, and make a list for him, putting therein all property liable to taxation which it has reason to believe is owned by him, at the percentage of its actual valuation, as determined by the assessors in accordance with the provisions of sections 12-64 and 12-71, from the best information that it can obtain, and add thereto twenty-five per cent of such assessment; but, before proceeding to increase the list of any person or to add to the assessment list the name of any person so omitted, it shall mail to him, postage paid, at least one week before making such increase or addition, a written or printed notice addressed to him at the town in which he resides, to appear before such board and show cause why such increase or addition should not be made."

Although § 12-111 has been amended by No. 95-283 of the 1995 Public Acts and by No. 96-171 of the 1996 Public Acts, the amendments are not relevant to this appeal.

March, 1993. Thereafter, in May, 1993, the assessor sent the plaintiff additional notices of increased assessments for the plaintiff's personal property for the same three grand lists, and the tax collector sent the plaintiff additional tax bills based on these increased assessments. The assessor's actions in revaluing and reassessing the plaintiff's personal property on those grand lists were based on his claim that the plaintiff had undervalued its property on those grand lists.

In this tax appeal, the plaintiff challenges the assessor's authority to increase the assessed value of its property on the three grand lists in question. In its complaint in the trial court, the plaintiff claimed, inter alia, that the assessor had no authority under General Statutes (Rev. to 1995) § 12-53 to increase the value of any property that had not been omitted from the grand lists filed by the assessor.[4] The plaintiff moved for summary judgment. The trial court granted the plaintiff's motion on the basis that General Statutes (Rev. to 1995) § 12-53 (b) "only authorizes the addition of omitted property to a person's list of taxable property." This appeal followed.

This case is controlled by our decision today in *United Illuminating Co.* v. *New Haven,* supra, 240 Conn. 432, in which we held that a municipal tax assessor's authority under General Statutes (Rev. to 1995) § 12-53 (b) is not limited to omitted property, and that the assessor has the authority under § 12-53 (b) to revalue previously assessed personal property. The trial court's judgment must, therefore, be reversed.

The judgment is reversed and the case is remanded for further proceedings according to law.

---

[4] The plaintiff also claimed in its complaint that: (1) the tax assessor's power under General Statutes (Rev. to 1995) § 12-60 to correct clerical errors does not apply to the reassessments made in this case; (2) the reassessment regarding the 1989 grand list was untimely; and (3) the May, 1993 reassessments were invalid for various reasons. These claims are not before us in this appeal.

In this opinion BERDON, KATZ and PALMER, Js., concurred.

MCDONALD, J., dissenting. I respectfully disagree. See *United Illuminating Co.* v. *New Haven*, 240 Conn. 422, 467, 692 A.2d 742 (1997) (*McDonald, J.*, dissenting).